LOURIE, Circuit Judge,
dissenting.
I respectfully dissent from the majority’s decision to reverse and remand the order of the U.S. International Trade Commission (“ITC” or “Commission”) terminating an investigation with respect to LG Electronics, Inc., LG Electronics USA, Inc., and LG Electronics Mobilecomm USA, Inc. (collectively “LG”). While I agree with the majority that there is no plausible argument that LG could prevail under its patent license agreement, and hence that LG’s position is “wholly *1348 groundless,” I nonetheless believe that we do not have jurisdiction to entertain this appeal and would therefore dismiss.
Our subject matter jurisdiction is limited by statute. We are vested with jurisdiction over “final determinations of the United States International Trade Commission relating to unfair practices in import trade, made under section 337 of the Tariff Act of 1930.” 28 U.S.C. § 1295(a)(6). As noted by the majority, section 337 lists various ITC determinations that are appealable. Terminations for arbitration are not among them.
The first sentence of that section should be our starting point in resolving this case:
The Commission shall determine, with respect to each investigation conducted by it under this section, whether or not there is a violation of this section, except that the Commission may, by issuing a consent order or on the basis of an agreement between the private parties to the investigation, including an agreement to present the matter for arbitration, terminate any such investigation, in whole or in part, without making such a determination.
19 U.S.C. § 1337(c) (emphasis added). In my opinion, that language is clear: a termination due to an arbitrability agreement is a termination “without ... a determination.” As it is not a determination, it is also not a “final determination.” As none of the other appeal provisions of section 337(c) apply, I believe we lack jurisdiction to hear this appeal.
Furthermore, section 337 precisely defines appealable Commission actions. Crucible Materials Corp. v. U.S. Int’l Trade Comm’n, 127 F.3d 1057, 1060 (Fed. Cir.1997) (“Final determinations appeal-able under § 1295(a)(6) are specified in § 1337(c)....”). The primary appeal right granted by the statute is for final determinations on the merits of a violation of section 337 under subsections (d), (e), (f), or (g). § 1337(c). Appeal of an arbitra-bility termination, as it is not “such a determination,” does not fall under this provision. Indeed, the termination in this case was premised on subsection (c), not (d), (e), (f), or (g).
Aside from that specific grant of appellate review of merits determinations, the statute lists a limited set of findings and determinations that can also be appealed under the Administrative Procedure Act that notably do not include a right to appeal terminations due to an arbitrability agreement. Id. The exclusion of an arbi-trability termination from such a specific list of appellate review exempts it from inclusion on that list. See Original Honey Baked Ham Co. of Ga. v. Glickman, 172 F.3d 885, 887 (D.C.Cir.1999) (“A statute listing the things it does cover exempts, by omission, the things it does not list.”).
As noted by the majority, an exception does exist as to the right to appeal determinations that are equivalent to a final determination under subsections (d), (e), (f), or (g), thus falling within the statutory grant providing for appeals of final determinations. See Import Motors, Ltd. v. U.S. Int’l Trade Comm’n, 63 CCPA 56, 530 F.2d 940, 944 (1976). I believe, however, that our inquiry should not reach this exception, as the current statute is clear on its face: arbitrability terminations are, according to the statute, explicitly not a determination of a violation under subsection (d), (e), (f), and (g). § 1377(c).
The majority cites Farrel, which stated in a footnote that an order terminating an investigation in favor of arbitration was an appealable final determination because the dismissal was with prejudice as the petitioner could not request reopening of the investigation. . Farrel Corp. v. U.S. Int’l Trade Comm’n, 949 F.2d 1147, 1151 n. 4 (Fed.Cir.1991). The Farrel court distinguished Block v. U.S. International Trade *1349 Commission, 777 F.2d 1568 (Fed.Cir.1985), which held that the ability to request a second investigation rendered a termination of an investigation to be without prejudice. Id. at 1571.
But this case is like Block, not Farrel. The supposed prejudicial effect of the termination depends completely upon the results of the arbitration. If the arbitrator determines that the matter is not subject to arbitration, InterDigital can indisputably refile its complaint against LG at the Commission, just as in Block. If, on the other hand, the arbitrator decides that the matter is subject to arbitration, then Inter-Digital and LG should not have been before the Commission at all. Thus, I do not believe that this circumstance rises to the level of prejudice in Farrel.
Moreover, while I believe the statute is clear on its face, the overall legislative history further supports the reading that Congress did not intend to allow for appeals of terminations for arbitrability. Congress amended section 337 in 1988 to specifically allow the Commission to terminate investigations based on settlement agreements. Omnibus Trade and Competitiveness Act of 1988, Pub.L. 100-418, § 1342(a)(2) (1988). That provision appears in subsection (c), not in the other subsections creating specific appeal rights. At the same time, Congress amended the judicial review provision to add appellate rights under subsection (g), but, again, did not add similar rights for terminations due to settlement agreements, which would later include arbitration agreements after the 1994 amendment as discussed below. What it did do was to permit terminations for arbitrability under (c), but not to make them appealable under (d), (e), (f), and (g). If Congress had wished to make arbitrability terminations appealable, it could have specifically done so.
The majority notes that Congress may have, in amending the statute again in 1994, intended to bring the ITC practice under section 337 into “closer conformity with district court practice” under the Federal Arbitration Act (“FAA”), which does allow appeals of non-interlocutory ar-bitrability determinations. See S.Rep. No. 103-412, at 121 (1994). But the general goal of bringing ITC practice into “closer conformity” is not the same as exact conformity. And, regardless, the statement in the legislative history has been taken out of context and instead stands for the opposite proposition of increased deference to arbitration agreements, not expanded ap-pealability: “By according deference to arbitration agreements, this amendment is intended to bring ITC practice under section 337 into closer conformity with district court practice.” Id. (emphasis added). That goal was accomplished not by expanding the ability to appeal to the full outer bounds of the FAA, but by specifically allowing for termination based on arbitration agreements, directly overruling our prior holding in Farrel that an arbitration agreement was not a ground for terminating an investigation. Compare Farrel, 949 F.2d at 1153 with Uruguay Round Agreements Act, Pub.L. 103-465, § 321(a)(2)(A), 108 Stat. 4809, 4943^4 (1994).
In conclusion, although I agree with the majority that LG’s assertion of arbi-trability was “wholly groundless,” I do not believe we have jurisdiction to hear this appeal and would dismiss the case. I therefore respectfully dissent.